**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ADAN E. BARRAGAN [D-02] )<br>) No. 3:10-cr-0123-HRH-02<br>Defendant. )<br>_____ ) | |

O R D E R

Motion for Reduction of Sentence[1]

Defendant moves pursuant to 18 U.S.C. § 3582(c)(2) and the First Step Act of 2018 for a sentence reduction. The motion is opposed.[2]

Defendant pled guilty to a drug conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and conspiracy to launder proceeds of unlawful distribution of controlled substances pursuant to 18 U.S.C. § 1956(h).[3] Defendant's guideline range for sentencing was therefore 235 to 293 months.[4] At the time of sentencing, defendant's total offense

---

[1]Docket No. 779.

[2]Docket No. 780.

[3]Judgment (Feb. 23, 2012), Docket No. 574.

[4]Statement of Reasons (Sealed) at 1, Docket No. 575.

level was 38.[5]  Defendant's criminal history category was I.[6]  Because of the large amount of drugs involved,[7] the defendant was subject to a mandatory minimum term of imprisonment of 10 years.[8]  The court granted defendant a significant variance from the guidelines.  Defendant was sentenced to a term of imprisonment of 132 months.[9]

U.S.S.G. Amendment 782 effected an across-the-board, two-level reduction of base offense levels for drugs, including methamphetamine, marijuana, and powder cocaine.  Based upon Amendment 782, effective November 1, 2014, defendant sought and was granted a reduction of his total offense level from 38 to 36 and a guideline range from 188 to 235 months.[10]  However, this did not result in any reduction of defendant's term of imprisonment because of the provisions of U.S.S.G. § 1B1.10(b)(2)(A), which limits sentence reductions granted pursuant to 18 U.S.C. § 3582(c)(2).  That policy statement precludes the court from reducing a defendant's term of imprisonment to less than the minimum sentence under amended guideline ranges.  Defendant's sentence of 132 months was less than the new guideline range of 188 to 235 months.  Defendant's earlier motion for a sentence reduction was denied.

---

[5]Id.

[6]Id.

[7]Methamphetamine (actual) 5.16 kilograms, an additional 1.1 kilograms of methamphetamine, 352.6 grams of powder cocaine, and 11.3 kilograms of marijuana, for a total of the equivalent of 103,284 kilograms of marijuana.  Presentence Investigation Report (Jan. 6, 2012) at 15, ¶ 54, Docket No. 533-1.

[8]Presentence Investigation Report (Jan. 6, 2012) page 26 of 32, ¶ 102, Docket No. 533-1.

[9]Judgment (Feb. 23, 2012) at 3, Docket No. 574.

[10]Order on Motion to Reduce Sentence (Mar. 15, 2017) at 2, Docket No. 756.

The court's reduction of defendant's guideline range to 188 to 235 months was based upon the then-popular notion that guideline Amendment 782 effected an overall two-level reduction in base offense levels. That assumption did not take account of the fact that base offense level 38 is the top of the base offense levels. Drug quantities associated with base offense level 38 changed as a result of Amendment 782. The drug quantities were increased. For example, under the 2011 and 2013 guidelines, base offense level 38 applied to 1.5 kilograms or more of actual methamphetamine or 30,000 kilograms or more of marijuana. Under the 2014 and subsequent guidelines, base offense level 38 does not apply until one is responsible for 4.5 kilograms or more of actual methamphetamine or 90,000 kilograms or more of marijuana. In the 2017 order, the court overlooked the fact that the drug quantities for which defendant was responsible were so large that he was subject to base offense level 38 under both the guidelines in place at the time of his offense as well as under the 2014 and subsequent guidelines. U.S.S.G. § 2D1.1(c)(1). Defendant's convictions involved 103,284 kilograms of equivalent marijuana, including 5.16 kilograms of actual methamphetamine.[11]

Accordingly, in 2017, defendant's base offense level should have remained 38 and his guideline range 235 to 293 months. Defendant's sentence of 132 months was less than the lower end of both the correct guideline range (235 months) or the incorrect guideline range (188 months). The court's miscalculation of defendant's guideline range in 2017 was harmless. At either guideline range, U.S.S.G. § 1B1.10(b)(2)(A) precluded a reduction of defendant's 132-month sentence.

---

[11]Methamphetamine (actual), 5.16 kilograms, an additional 1.1 kilograms of methamphetamine, 352.6 grams of powder cocaine, and 11.3 kilograms of marijuana, for a total of the equivalent of 103,284 kilograms of marijuana. Presentence Investigation Report (Jan. 6, 2012) at 15, ¶ 54, Docket No. 533-1.

The court turns now to the defendant's contention that he is entitled to a sentence reduction based upon the First Step Act of 2018. Defendant argues that §§ 401, 402, and 404 of the First Step Act apply retroactively in this case.[12]

Section 401 of the 2018 Act deals with defendants who were previously convicted of serious drug felonies and reduces the minimum term of imprisonment for a second drug offense from not less than 20 years to not less than 15 years. At sentencing, defendant's criminal history was I. He had no prior felony drug offense. He was not subject to an enhanced mandatory minimum sentence which the Act reduced. Moreover, § 401(c) of the Act makes it clear that this section applies only "if a sentence for the offense has not been imposed as of such date of enactment." Defendant is not awaiting sentencing in connection with the offenses charged in this case when the Act became effective.

Defendant also relies upon § 402 of the 2018 First Step Act which broadens the availability of the "safety valve" by which a defendant who qualifies may avoid a mandatory minimum sentence and obtain a two-level offense level reduction. U.S.S.G. § 2D1.1(b)(17). Prior to the Act, a defendant having more than one criminal history point was disqualified as regards the safety valve. 18 U.S.C. § 3553(f)(1). Section 402 of the Act amended § 3553(f)(1), but did not amend § 3553(f)(4) which disqualifies a defendant who was an "organizer, leader, manager, or supervisor of others in the offense" from use of the safety valve. Defendant's total offense level of 38 was based upon a base level 38, which was adjusted upward three levels because defendant was the supervisor of five

---

[12]Motion for Reduction of Sentence at 2, Docket No. 779.

participants.[13]  Defendant's adjusted offense level of 41[14] was reduced by three levels for acceptance of responsibility.[15]  Thus, at the time of sentencing and now, defendant is disqualified from the § 3553(f) safety valve provision.  But even if that were not so, § 402 of the Act has only prospective application.  It applies "only to a conviction entered on or after the date of this Act."  Section  402(b).  Defendant's conviction was entered many years prior to the date of enactment of § 402.

Finally, defendant seeks a sentence reduction based upon § 404 of the First Step Act of 2018.  Section 404 of the Act has application to "covered offenses."  A "covered offense" means a violation of a federal criminal statute that was committed before August 3, 2010, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Pub. L. 111-220; 124 Stat. 2372).

Some of defendant's drug offense of conviction was committed before August 3, 2010.[16]  Section 2 of the Fair Sentencing Act of 2010 made changes in statutory penalties for some drug  offenses.  The Act, amended 21 U.S.C. § 841(b)(1)(A)(iii) by striking the term "50 grams" and inserting in its place "280 grams".  This modification had the effect of increasing the threshold for imposition of a 10-year mandatory minimum sentence.  Section 2 of the 2010 Act also amended 21 U.S.C. § 841(b)(1)(B)(iii) by striking the term "5 grams" and inserting in its place "28 grams".   This modification had the effect of increasing the threshold for imposition of a 5-year mandatory minimum sentence.

---

[13]Presentence Investigation Report (Jan. 6, 2012) at 19 of 32, ¶ 58, Docket No. 533-1.

[14]Id., ¶ 59.

[15]Id. at 21 of 32, ¶ 74.

[16]First Superseding Indictment at 2, Docket No. 41.

The foregoing statutory amendments upon which defendant relies in seeking a sentence reduction amended the applicable mandatory minimum sentences for offenses involving cocaine base. Defendant's drug conspiracy conviction involved large amounts of actual methamphetamine, marijuana, and some powder cocaine.[17] The statutory alteration of the thresholds after which mandatory minimum sentences of 10 and 5 years have application in cases involving cocaine base have no application in this case. The statutory penalties for drug conspiracies involving methamphetamine, marijuana, and powder cocaine were not modified by § 2 of 2010 Act.[18]

Defendant was found responsible for 5.16 kilograms of actual methamphetamine[19] or, after conversion and consolidation of other drug quantities, responsible for the equivalent of 103,284 kilograms of marijuana. Those drug quantities were and remain subject to a sentence of not less than 10 years' imprisonment. Defendant's current sentence of 132 months is consistent with the statutory requirement. Defendant's crimes are not "covered" by First Step Act of 2018.

Defendant's motion for reduction of sentence also relies upon 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) has application in cases "of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."

Sections 401 and 404 of the First Step Act of 2018 made statutory changes which do not result in any guideline offense level changes. Section 402 of the Act effects

---

[17] Presentence Investigation Report (Jan. 6, 2012) at 18 of 32, ¶ 54, Docket No. 533-1.

[18] Section 3 of the Fair Sentencing Act of 2010 eliminates mandatory minium sentences for simple possession. This case does not involve simple possession.

[19] Plus an additional 1.1 kilograms of methamphetamine,

changes in 18 U.S.C. § 3553(f). If those changes made the § 3553 safety valve available to defendant, his total offense level would change based on U.S.S.G. § 2D1.1(b)(17). But, as set out above, the amendments to § 3553(f) do not make the safety valve available to defendant, and defendant's total offense level is therefore not changed. There has been no statute amendment or modification of Sentencing Commission guidelines which would give rise to a base offense level lower than 38. After the adjustment for role in the offense and after credit for acceptance of responsibility, defendant's total offense level remains 38, his criminal history remains I, and his below-guideline-sentence of 132 months remains appropriate under applicable statutes and guidelines.

Defendant's motion for sentence reduction is denied.

DATED at Anchorage, Alaska, this  16th  day of April, 2019.

/s/ H. Russel Holland
United States District Judge